## 56567. PUETT v. THE STATE.

WEBB, Judge.

Raymond Douglas Puett appeals his conviction of the offense of driving under the influence of intoxicating beverages, contending principally that the evidence was insufficient and that he should have been granted a directed verdict of not guilty because he was not provided a reasonable opportunity to have a physician or other qualified person of his own choosing administer a chemical test as to his alcoholic content, as provided by Code Ann. § 68A-902.1 (3). We reverse.

The record shows that the accused was indeed advised of this right to an independent test by a qualified person of his own choosing, that a telephone conversation was had from the jail by the accused with an attendant at the local hospital in which he was informed that such a test could be made if he would come to the hospital, that the accused so informed the personnel at the jail where he was under arrest, and that those holding him under arrest either refused or in any event failed to take him to the hospital for that purpose.

The law gives one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing. But of what value is that right if the accused is in custody of law enforcement officials who either refuse or fail to allow him to exercise the right? We hold that under such circumstances there is coupled with the right granted to the accused a corresponding duty on the part of law enforcement officers not to deny him that right. This the officers did by not taking him by the local hospital for the test he wanted and was reasonably entitled to have. Cf. *Huff v. State*, 144 Ga. App. 764 (2) (242 SE2d 361) (1978).

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED SEPTEMBER 25, 1978.

*Carr & Beck, Claude S. Beck,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.