## 58113. THE STATE v. LAYCOCK.

McMURRAY, Presiding Judge.

Defendant was arrested and accused of driving a motor vehicle under the influence of alcohol. After his arrest the implied consent law was explained to him, at which time he elected to receive a breath test. It was also explained to him that he had the right to an additional test "made by personnel of your own choosing if you so desire. This additional test in no way satisfies your obligation to submit to the state administered chemical tests. Should you refuse my request that you submit to the state administered chemical tests, your driver's license will be suspended for a period of six months. Will you submit to a state administered chemical test of your breath?" Whereupon the defendant decided to take the breath test. The parties then proceeded to the police station where he was given the breath test. The defendant then requested that he have a blood test. He was then told he could have the blood test and he could call personnel of his own choosing if he so desired. There was some discussion as to whom he had employed to make his own blood test but the facts appear that all parties proceeded to Northside Hospital, the defendant and his bondsman in one vehicle and the arresting officer in another. When the police officer arrived he was advised by the defendant that the hospital refused to allow him to have the blood test. The policeman then made the request, filled out certain papers and a nurse extracted the blood. The procedure was paid for by the City of Alpharetta. The policeman then took the extracted blood and forwarded it to the State Crime

Laboratory for testing.

This case involves two separate motions to suppress, the first of which was based upon the officer's failure to advise defendant of his rights under the implied consent law contending that the results of the intoxication test were illegally obtained. The motion was heard by a state court judge, who denied the motion to suppress. Whereupon a separate motion to suppress was filed contending that the defendant had requested an independent blood test to be given by his own physician and that he arranged to have a blood sample drawn at Northside Hospital for testing. He contends in his motion that when the blood was extracted the attending police officer confiscated the blood sample and forwarded same to the State Crime Laboratory for testing. He contends this was in derogation of his rights under Code Ann. § 68A-902.1 (a) (3) (Ga. L. 1974, pp. 633, 672; 1977, p. 1036); that his right to an independent examination was denied him, and that the case is controlled by *Puett v. State,* 147 Ga. App. 300 (248 SE2d 560). Virtually the same testimony was given at the hearing of the second motion to suppress. However, the state admitted that the purpose of going to Northside Hospital was to get an independent report, the assistant solicitor advising that the defendant had expressly stated, "I want an independent test," that he wanted to go to Northside Hospital, and he was allowed to go to Northside Hospital. After the second hearing the court (heard by a different state court judge) granted the motion to suppress, and the state appeals. *Held:*

The defendant moves to strike consideration of the first motion to suppress, contending that there is no material dispute as to factual sequence of events involved in the case and that this court should not consider the transcript of the first hearing before the first state court judge as part of the record in this case. However, there are material disputes as to the factual sequence of events and perhaps if the second state court judge had been made aware of all the facts at the first hearing he possibly would have made a different judgment.

The law clearly states that upon the request of the person who shall submit to a chemical test he may "have a physician or a qualified technician, chemist, registered

nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer. The justifiable failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer." Code Ann. § 68A-902.1 (a) (3).

When the parties arrived at the hospital he was refused an independent test. Defendant made no arrangement to obtain an independent test of his blood. Whereupon the police officer arranged to obtain a blood test under Code Ann. § 68A-902.1 (a) (2), had it paid for by the City of Alpharetta, and proceeded to have it analyzed at the State Crime Laboratory. Under the circumstances neither of these tests should be excluded. The mere fact that the defendant was unable to obtain a chemical test of his own choosing fails to disclose any reason to suppress the evidence merely because the defendant was unable to obtain a test of his own choosing. The evidence fails to disclose the police officer confiscated or seized the blood test and prevented the defendant from having it analyzed by someone other than the State Crime Laboratory. The case of *Puett v. State,* 147 Ga. App. 300, supra, is not controlling here. No grounds have been shown to suppress the evidence.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED JULY 11, 1979 — DECIDED SEPTEMBER 4, 1979 —

*Hinson McAuliffe, Solicitor, Richard E. Stark, Charles R. Hadaway, Assistant Solicitors,* for appellant.

*George H. Freisem, III,* for appellee.