### 59256. GRIZZLE v. THE STATE.

SHULMAN, Judge.

Defendant was found guilty of driving under the influence, in violation of Code Ann. § 68A-902. We affirm.

1. Appellant asserts that the breathalyzer intoximeter results were inadmissible because he was denied his right to an alternate test as provided in Code Ann. § 68A-902.1 (a) (3).

The evidence showed that after employees of St. Mary's Hospital refused to give defendant an independent blood test, he then went to Athens General Hospital, where he was similarly refused the test without a police order. The arresting officer spoke to an employee of the hospital, instructing her that he could not order the test, but that defendant was entitled to have such test performed under the implied consent law. Apparently, however, no additional test was made and defendant asserts that the police officer's failure to consent to an additional blood test (that is, to order the test) denied defendant his right to an independent test, in derogation of Code Ann. § 68A-902.1 (a) (3). See in this regard *Puett v. State,* 147 Ga. App. 300 (248 SE2d 560). We cannot agree.

Appellant was afforded the opportunity to obtain an independent test of his blood. "The mere fact that the defendant was unable to obtain a chemical test of his own choosing fails to disclose any reason to suppress the [results of the state's breathalyzer test] . . ." *State v. Laycock,* 151 Ga. App. 145, 147 (259 SE2d 150).

Since the "justifiable failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer" (Code Ann. § 68A-902.1 (a) (3)), the trial court did not err in denying defendant's motion to suppress the breathalyzer results.

2. Since the trial court's charge in effect correctly stated the law that it is the duty of a police officer not to prevent a defendant from exercising his right to an independent test, but not his duty to insure the performance of such test (see *State v. Laycock,* supra; *Puett*

*v. State,* supra), we find no error in the charge as given.
    *Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED FEBRUARY 8, 1980.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.