## 69721. MASSENGALE v. THE STATE.
### (330 SE2d 417)

BENHAM, Judge.

Appellant was convicted of driving under the influence and being an habitual violator. OCGA §§ 40-6-391; 40-5-58.

1. Appellant seeks reversal of his convictions on the ground that the arresting officers did not provide appellant the opportunity to take a urine test under the provisions of OCGA § 40-6-392 (a) (3). After registering .18 grams percent on a breathalyzer test, appellant requested and received a blood test which registered .16. Appellant testified that he then asked for a urine test, but did not receive it because the hospital to which he had been taken for the blood test did not give urine tests. There was no evidence that appellant had arranged for a test elsewhere. Compare *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560) (1978). No objection to the admission of the results of the breath and blood tests was voiced at trial. "The mere fact

that the defendant was unable to obtain a [second] chemical test of his own choosing fails to disclose any reason to suppress the evidence [or overturn the convictions] . . ." *State v. Laycock*, 151 Ga. App. 145, 147 (259 SE2d 150) (1979). See also *Grizzle v. State*, 153 Ga. App. 364 (1) (265 SE2d 324) (1980). Appellant's enumerated error is without merit.

2. In his second and last enumeration of error, appellant maintains that a Georgia State Trooper/witness was improperly permitted to give his opinion as to the state of the law. Contrary to appellant's assertion, the trooper never answered the question appellant found offensive. The only thing the trooper/witness stated was that he charged a person with driving under the influence at "[p]oint ten if there's no accident involved. If there's an accident involved, point five." Despite permission from the trial court, the trooper never gave his opinion as to when a person is presumed under the influence of alcohol. The enumeration is without merit.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 3, 1985.

*Ben R. Freeman*, for appellant.

*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney*, for appellee.