*Robert H. McDonnell*, for appellant.
*Grover C. Bailey*, for appellees.

70640. CADDEN v. THE STATE.
(336 SE2d 266)

BENHAM, Judge.

Appellant was convicted of driving under the influence and failing to obey a traffic control device. He seeks reversal of his convictions on the grounds that certain testimony was improperly admitted and that the trial court improperly commented on the evidence.

1. Appellant argues that police officers should not have been allowed to testify that appellant failed to comply with the intoximeter breathalyzer testing procedure. The officer administering the test testified that the machine would abort the test if the subject failed to supply the required cubic centimeters of air. The officer stated he could hear air escaping from the corners of appellant's mouth as appellant ostensibly attempted to comply with the testing procedure. However, the machine aborted the test and appellant refused to resubmit. Cf. *Montgomery v. State*, 174 Ga. App. 95 (2) (329 SE2d 166) (1985). Inasmuch as the pretense of compliance is tantamount to a refusal to take the test (*Howard v. Cofer*, 150 Ga. App. 579 (4) (258 SE2d 195) (1979); *Pfeffer v. Dept. of Public Safety*, 136 Ga. App. 448 (221 SE2d 658) (1975)), the officers were authorized to give testimony regarding appellant's refusal to submit to the test. OCGA § 40-6-392 (c); *South Dakota v. Neville*, 459 U. S. 553 (103 SC 916, 74 LE2d 748) (1983).

Appellant maintains that the officers' testimony should not have been permitted, because the officers failed to allow appellant to undergo an additional test as provided in OCGA § 40-6-392 (a) (3). Appellant testified that while he initially refused to submit to the intoximeter breathalyzer test, he did offer to take a blood test. He argues that testimony concerning the results (or lack thereof) of the breathalyzer test to which he finally submitted should not have been admitted because the police did not take him to a hospital for the blood test. On cross-examination, appellant acknowledged he had been released on bond 90 minutes after his arrest and chose to forego additional testing and go home. Unlike the situation in *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560) (1978), cited by appellant, there was no evidence in the case at bar that appellant had arranged for the additional test. See *Massengale v. State*, 174 Ga. App. 480 (1)

(330 SE2d 417) (1985). It was not error to admit the testimony.

2. Questioning its relevancy, appellant next objects to the officers' testimony describing his demeanor as "obnoxious," "belligerent," and "boisterous." Especially in a DUI case in which breathalyzer evidence is not available, a defendant's demeanor can be very telling. It may be put before the jury as another factor to aid in its determination whether the defendant was indeed under the influence of alcohol and was therefore a less safe driver.

On appeal, appellant maintains that the officers' testimony was improper because appellant was never informed of his constitutional rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Pretermitting the fact that no such objection was made at trial, we note that the testimony objected to concerned the various officers' observations of appellant. No custodial involuntary statement made by appellant was used against him, making *Miranda* inapplicable.

3. After the State rested, appellant moved for and was granted a directed verdict on the charge that appellant had driven a vehicle without sufficient insurance coverage. In informing the jury of its decision, the trial court observed that there were two possible violations concerning motor vehicle insurance. The court stated that the State had failed to prove the violation with which it had charged appellant, although it "could have made a case for the other charge." Appellant maintains that the trial court's remarks constituted an impermissible expression of opinion as to what had or had not been proved, in violation of OCGA § 9-10-7. "While [OCGA § 9-10-7] prohibits a trial judge from intimating or expressing any opinion as to what has or has not been proved, yet where, as here, the evidence demands a finding as to the opinion expressed, there is no cause for reversal. [Cits.]" *Ga. Power Co. v. Mozingo*, 132 Ga. App. 666 (4) (209 SE2d 66) (1974).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 24, 1985 —
REHEARING DENIED OCTOBER 9, 1985.

*Rickie L. Brown*, for appellant.
*Jacques O. Partain III, District Attorney, Kermit N. McManus, Steven M. Harrison, Assistant District Attorneys*, for appellee.