A90A0199, A90A0200. DEPARTMENT OF TRANSPORTATION v. FRANCO'S PIZZA & DELICATESSEN, INC.; and vice versa.
(390 SE2d 655)

BIRDSONG, Judge.

Department of Transportation (DOT) has filed a notice of appeal from the trial court's order denying its motion for new trial in this condemnation suit, and appellee Franco's Pizza & Delicatessen, Inc. (Franco's) has filed a cross-appeal from certain orders of the trial court.

A jury verdict was returned in this case in favor of condemnee Franco's and judgment was entered thereon which included cost of the action and certain interest. On January 7, 1987, condemnee Franco's filed a memorandum of law regarding whether it need be

paid just and adequate compensation pending appeal of the case. DOT filed a timely motion for new trial and subsequently filed a response to condemnee's memorandum of law. On February 27, 1987, the trial court entered an order, citing as authority the provisions of OCGA § 32-3-19 (b), vacating its prior judgment. Condemnee Franco's filed a timely motion to vacate and set aside the order of February 27, 1987. However, the trial court entered an order on March 17, 1987, finding that condemnor DOT does not have to pay into court the difference between the award of the special master and the jury verdict until the appellate process is complete and a final judgment is entered. On May 1, 1987, the trial court entered an order denying condemnee Franco's motion to vacate and set aside the order entered on February 27, 1987.

The procedures followed in this case virtually mirror those found defective in *Department of Transp. v. Petkas*, 189 Ga. App. 633 (1) (377 SE2d 166) (whole court), cert. den. In *Petkas* we held that "the right to move for a new trial, to file a notice of appeal and to have an appellate resolution of the case are all premised upon the prior entry of judgment by the trial court on the jury's verdict." Id. at 635 (1).

Although appellee Franco's has not moved to dismiss the appeal in Case Number A90A0199 on the grounds of *Petkas* "[t]his court has a duty to dismiss a pending appeal over which it has no jurisdiction 'whenever and however its lack of jurisdiction may appear.'" *Evans v. Davey*, 154 Ga. App. 269, 270 (267 SE2d 875).

DOT makes a general assertion, without citation of authority or supporting argument, that *Petkas* is incorrect and should be reversed. Appellant DOT has failed to convince this court that *Petkas* was incorrectly decided. Accordingly, we find *Petkas* to be dispositive of this issue. "The trial court erred in relying upon OCGA § 32-3-19 (b) as authority for setting aside the judgment that it had entered on the jury's verdict." *Petkas*, supra at 636.

However in *Petkas*, this court proceeded to address the merits of the main appeal in the interest of judicial economy and fairness to the parties. DOT asserts that likewise, we should address the merits of the main appeal in this case. We decline to do so. *Petkas* was a case of first impression, and neither the parties nor the trial court were in a position to ascertain prior to announcement of our holding that their reliance on the unartful wording of OCGA § 32-3-19 (b) was misplaced. However, *Petkas* was decided on November 29, 1988, and cross-appellee's counsel admit in judicio in their brief (see generally Green, Ga. Law of Evidence, Admissions, § 238, p. 395), the fact that the parties and the trial judge were informed by letter, dated January 23, 1989, of the *Petkas* decision. The record reflects that the trial court's order vacating judgment remains in effect as of this date notwithstanding the precedent of *Petkas*. "The decisions of the Court of

Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents." Ga. Const. of 1983, Art. VI, Sec. V, Par. III. Under the attendant circumstances, we decline to adjudicate the issues in the main appeal and cross-appeal in the case sub judice.

Accordingly, we will dismiss both the main appeal and the cross-appeal, and remand the cases to the trial court with direction that it reinstate the original judgment in accordance with the precedent of *Petkas*, and take such other corrective action as thereafter may be required.

*Appeals in Case No. A90A0199 and Case No. A90A0200 dismissed and cases remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 7, 1990.

Weiner, Dwyer, Yancey & Mackin, Beryl H. Weiner, John D. Stone, J. Matthew Dwyer, Jr., Thomas C. Dempsey, Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General, for appellant.

*Chamberlain, Hrdlicka, White & Johnson, Richard N. Hubert,* for appellee.

