A89A2236. GRAY v. THE STATE.
(392 SE2d 290)

POPE, Judge.
Defendant Jeff Gray appeals his conviction of driving under the influence on the ground that the trial court erred in denying his motion to suppress the results of the intoximeter test administered by the arresting officer. Defendant argues the results should be suppressed because he was not permitted to obtain an additional independent test of his own choosing.

The testimony presented at the bench trial shows the intoximeter

test was administered at the jail at 1:35 a.m. Defendant requested the opportunity for an independent test. The jailer called the local hospital and determined that payment for an alcohol level test must be made in cash. Defendant did not have sufficient cash to pay for the test but was permitted to make a telephone call to an individual who agreed to bring him cash for the test. Defendant told the arresting officer the individual would arrive in thirty minutes. The officer waited for at least thirty minutes but the individual did not arrive. The officer testified he told the jailer that when the individual arrived to make sure he had sufficient cash to pay for the test and, if so, to call for a deputy sheriff to transport defendant to the hospital. The individual who came to assist defendant testified he arrived at the jail by 2:35 a.m., forty-five to fifty minutes after receiving defendant's call. He informed the jailer he had brought money for defendant's blood test. However, the jailer refused to release defendant because the jailer told him the arresting officer had instructed him not to allow the test if it was to be given over an hour from the time of the intoximeter test. The jailer, on the other hand, testified the individual who came to defendant's assistance did not arrive until at least two hours after defendant had been locked up. The jailer testified the individual asked only if he could make bond for defendant; the jailer did not recall the individual ever making a request for a blood test. Because it was the jailer's opinion that defendant was still intoxicated and had been belligerent and uncooperative when locked up, he did not release defendant on bail.

OCGA § 40-6-392 (a) (3) permits a person tested for alcohol level by a law enforcement officer to obtain an additional test by a qualified person of his own choosing. However, "[t]he justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer. . . ." Id. The law enforcement authority has the duty not to prevent a defendant from exercising his right to an independent test but not the duty to insure the performance of such a test. *Grizzle v. State*, 153 Ga. App. 364 (2) (265 SE2d 324) (1980). Here, there was conflicting testimony on whether the jailer prevented the individual who came to defendant's assistance from obtaining the independent test for defendant. The credibility of witnesses is a question for the trier of fact. Sufficient evidence was presented from which the trial court could rightly conclude that a reasonable effort was made to accommodate the defendant's request for an independent test and that he was not prevented by any action on the part of the law enforcement authority from obtaining the test. Cf. *State v. Buffington*, 189 Ga. App. 800 (377 SE2d 548) (1989).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

Decided March 12, 1990.

*Robert S. Reeves,* for appellant.
*David Pittman, Solicitor,* for appellee.