A90A0750. COVERT v. THE STATE.
(396 SE2d 596)

POPE, Judge.

Defendant Scott R. Covert was convicted by a jury of speeding and driving under the influence of alcohol. On appeal he argues the trial court erred in denying his motion to suppress the evidence of the breath test administered to him at the police station where he was first taken after arrest.

At the hearing on defendant's motion, the evidence showed defendant was stopped on the highway at approximately 7:57 p.m. Although defendant was informed of his right to an independent chemical test, defendant did not make a request for such a test to the arresting officer. The breath test was administered thirty to thirty-five minutes after he was first stopped. After the breath test at the police station, he was transported to the county jail in Perry, where he arrived at approximately 8:45 to 8:55 p.m. At the jail, defendant was allowed to make telephone calls. The jailer testified that approximately forty-five minutes to one hour after arriving at the jail, defendant handed the telephone receiver to him and he conversed with an individual at a local hospital concerning arrangements for an independent chemical test. The jailer understood that the test could be administered to defendant if he could be transported to the hospital. The jailer testified that he attempted to reach the arresting officer and, when he was unsuccessful, then notified the sheriff's department that defendant had requested an independent test and needed transportation to the hospital for that test. No officer was sent for the defendant until approximately midnight when he was transported to a jail in Warner Robins for processing his bail arrangements. No reason for the delay was offered at the suppression hearing, although the jailer testified at the trial of the case that no sheriff's officer was available for transporting defendant to the hospital at the time he called to inform them of defendant's request. When defendant arrived at the jail in Warner Robins, he again asked for a blood test and was

told to wait until he was bailed out.

The trial court's order denying the motion to suppress, prepared in the form of a letter to the attorneys of record, includes a finding that the jailer "never testified that the defendant requested an additional test." However, the court found that defendant summoned the jailer to the telephone to talk to officials at the hospital about administering a test. Moreover, the transcript of the hearing clearly shows the jailer understood the defendant was making a request for an independent test and that he told the sheriff's department the defendant "was requesting a test. . . ." Thus, the finding by the trial court is contrary to the undisputed testimony of the jailer and defendant and is inconsistent with the court's further findings. After first finding that the defendant never made a request for a test, the order also finds that the defendant "abandoned his request for an additional test and permitted himself to be transported to the Warner Robins jail rather than to the hospital. . . ." The defendant could not have abandoned his request if he had not first made such a request. Moreover, the record shows defendant was under arrest and in the custody of law enforcement officers during the entire period from his arrest on the highway, his transportation to the police station for the breath test, his transportation to and detainment at the jail in Perry, and his transportation to the jail in Warner Robins. Being lawfully confined by arrest, it was not within the defendant's power to "permit" himself to be taken one place rather than another. A pertinent issue might be whether the defendant abandoned his request for an independent test by failing to voice his request again when he was picked up to be transported from one jail to another. However, according to defendant, he was transported to Warner Robins at approximately midnight. This would have been over four hours after his arrest and, arguably, a test at that point would have been untimely as a matter of law. Cf. *Ragan v. State*, 191 Ga. App. 374 (1) (381 SE2d 589) (1989) (where a request for a blood test first made four hours after arrest was held to be untimely).

The record shows defendant was arrested at 7:57 p.m. He was transported to the police station where a test was administered approximately thirty minutes later, at about 8:30 p.m., and at approximately 8:45 p.m. was transported to the jail in Perry. The arresting officer testified he stayed at the jail approximately fifteen minutes in order to do the "initial paper work" for incarcerating the defendant. Defendant was allowed to make telephone calls and approximately forty-five minutes to one hour after first arriving at the jail, which would have been approximately 9:30 to 9:45 p.m., he made his request for the test known to the jailer by having the jailer talk to an official at the hospital. Thus, the request was communicated approximately one and one-half hours after his initial arrest, one hour after the

breath test was administered and, presumably, within thirty minutes after the administrative process for his incarceration was completed.

The trial court erred in finding that defendant never requested an additional test. A request for an independent chemical test must be made within a reasonable time after the defendant's arrest. *Ragan v. State*, supra. However, a request made within one and one-half hours after arrest is not, as a matter of law, untimely. This court has held that it is the responsibility of the accused to make arrangements for an independent test. See *State v. Buffington*, 189 Ga. App. 800 (377 SE2d 548) (1989); *Grizzle v. State*, 153 Ga. App. 364 (265 SE2d 324) (1980). Under the circumstances of this case, because defendant was transported from one facility to another and made the request once he was allowed to make telephone calls, we hold that the evidence presented at the suppression hearing showed defendant's request was made within a reasonable time.

The only remaining issue is whether the State's failure to allow defendant to obtain such a test requires the suppression of the results of the breath test. The "justifiable failure or inability to obtain an additional test" does not preclude the admission of evidence of a state-administered test. OCGA § 40-6-392 (a) (3). "It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. . . . Factors to be considered [in making this determination] include . . . availability of police time and other resources. . . ." *State v. Buffington*, supra at 802. In this case there is no need to remand for additional findings on whether the failure was justifiable because the State failed to present any evidence at the suppression hearing from which the trial court could find the failure to respond to the defendant's timely request was justified. The evidence at the suppression hearing showed "that those holding [the accused] under arrest either refused or in any event failed to take him to the hospital for [an independent chemical test]." *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560) (1978). Therefore, we rule that the trial court erred in denying defendant's motion to suppress.

The conviction for driving under the influence must be reversed and, if defendant is retried, the evidence of the results of the breath test may not be presented. Because the error is irrelevant to the conviction for speeding, it is affirmed.

*Judgment reversed in part and affirmed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*J. Robert Daniel*, for appellant.
*Carl A. Veline, Jr., Solicitor, Cynthia T. Adams, Assistant Solic-*

*itor*, for appellee.