A91A1522. CALDWELL v. THE STATE.
(415 SE2d 653)

CARLEY, Presiding Judge.

By accusation, appellant was charged with driving under the influence and he filed a pre-trial motion in limine seeking to exclude from evidence the results of a chemical analysis of his breath. After the trial court had denied this motion, appellant entered a negotiated

guilty plea. Appellant appeals from the judgment of conviction and sentence entered by the trial court on the guilty plea. He enumerates as error only the denial of his motion in limine.

1. "[D]efendants have no right to condition guilty pleas upon reserving the appeal of any issues, and defendants may only reserve the appeal of [specified] issues when the trial court, in the exercise of its discretion, allows a defendant to do so as part of a negotiated plea. Therefore, unless the trial court expressly approves the reservation of the issue and accepts the guilty plea with that condition, the issue is *not* preserved; and an unconditional guilty plea will *waive* any defenses and objections ([cit.]) except [appellate review] of whether such plea was voluntarily made by appellant and accepted following proper inquiry by the trial court. Because the trial court accepted [appellant's] guilty plea with his reservation, we will consider the error enumerated." (Emphasis supplied.) *Mims v. State*, 201 Ga. App. 277, 279 (1) (410 SE2d 824) (1991).

2. Appellant's motion in limine was predicated upon the claim that he had been denied a reasonable opportunity to undergo an independent test.

"OCGA § 40-6-392 (a) (3) permits a person tested for alcohol level by a law enforcement officer to obtain an additional test by a qualified person of his own choosing. However, '(t)he justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer. . . .' [Cit.] The law enforcement authority has the duty not to prevent a defendant from exercising his right to an independent test but not the duty to insure the performance of such a test. [Cit.]" *Gray v. State*, 194 Ga. App. 811, 812 (392 SE2d 290) (1990).

The trial court in the instant case was authorized to find that, in accordance with OCGA § 40-6-392, the arresting officer had read the implied consent rights to appellant and had informed appellant of his right to an independent test of his own choosing. Appellant exercised his rights by demanding, in writing, an additional breath test. This additional testing was performed 20 minutes after the first test by the same officer on the same intoximeter, and yielded the same result. Accordingly, appellant *was* afforded the opportunity to obtain an independent test of his blood-alcohol content. The mere fact that appellant chose to repeat the breath test administered by the arresting officer furnishes no reason to suppress the results of the State's initial breathalyzer test. *Grizzle v. State*, 153 Ga. App. 364 (1) (265 SE2d 324) (1980). If appellant had desired to undergo a different type of test, he should have requested it in a timely fashion. "It is the responsibility of the arrestee, not of the officer, to designate the specifics of [any] independent testing and the officer must be apprised by the ar-

restee of those specifics before the officer has a duty to facilitate the arrestee's election. [Cits.]" *State v. Willis*, 184 Ga. App. 639, 641 (2) (362 SE2d 444) (1987). The evidence supports the trial court's conclusion that appellant was not coerced into accepting one form of test over another. *Hattaway v. State*, 191 Ga. App. 812, 814 (2) (383 SE2d 140) (1989). Accordingly, the trial court correctly denied appellant's motion in limine.

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 24, 1992 —
RECONSIDERATION DENIED FEBRUARY 10, 1992.

*Paul S. Weiner*, for appellant.
*Patrick H. Head, Solicitor, B. Martin First, Assistant Solicitor*, for appellee.