A91A2008. PRUITT v. THE STATE.
(416 SE2d 524)

BEASLEY, Judge.

Pruitt pled guilty to driving under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1); driving with a blood alcohol concentration in excess of 0.12 grams, former OCGA § 40-6-391 (a) (4); and failure to stop at a stop sign, OCGA § 40-6-72 (b). He specifically reserved for appeal the denial of his motion in limine to exclude the results of an Intoximeter 3000 test. See generally *Mims v. State*, 201 Ga. App. 277 (1) (410 SE2d 824) (1992).

The following evidence was received at the hearing on defendant's motion in limine. Defendant was stopped by two Clarke County police officers after the car which he was driving failed to stop at a stop sign and "almost hit some mailboxes." The odor of alcoholic beverage emanated from the vehicle, which was also occupied by two or three other individuals. Defendant was asked to step outside the vehicle where a field sobriety test was performed. He was unable to complete it successfully. After a portable Alcosensor test was administered, defendant was arrested for driving under the influence of alcohol and running a stop sign. The implied consent warning was read to him and he was transported to the Clarke County Jail for processing. Upon arrival at the jail, defendant was again advised of the implied consent law, following which an Intoximeter 3000 test was performed.

Although the first arresting officer was unable to recall whether defendant had requested that an independent test be performed, the second officer testified that defendant had in fact inquired about a second test after the State-administered test had been concluded. In response, the officer suggested that defendant telephone St. Mary's Hospital, the only facility in the county which performs independent chemical analysis, to "find out the procedure and the price" and make the necessary arrangements. The officer dialed the telephone number for St. Mary's emergency room and gave the phone to defendant who inquired about the cost of a blood alcohol test. He was informed by

the emergency room receptionist that the charge was $278.

Defendant had $180 in cash in his possession and although the hospital would accept a credit card or check, he had neither. He informed the officer that he did not have enough money with him to pay for the test and inquired if it could be performed elsewhere, to which the officer responded in the negative. Defendant did not ask to place any other telephone calls nor did he make an effort to contact anyone for assistance; however, when he was subsequently released from custody, he stated that he "called someone to come and get [him]."

1. "OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing, and there is a corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. [Cit.] While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test. [Cit.] The statute also states that 'the justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.' " *State v. Buffington*, 189 Ga. App. 800, 801 (377 SE2d 548) (1989).

The facts support the trial court findings that the officer made a reasonable effort to accommodate defendant's efforts to obtain an independent test and that he was not impeded from doing so by any conduct on the part of law enforcement. See *State v. Blalock*, 197 Ga. App. 71 (397 SE2d 491) (1990); *Gray v. State*, 194 Ga. App. 811 (392 SE2d 290) (1990); *Thompson v. State*, 175 Ga. App. 645 (2) (d) (334 SE2d 312) (1985); *Grizzle v. State*, 153 Ga. App. 364 (265 SE2d 324) (1980). Compare *Covert v. State*, 196 Ga. App. 679 (396 SE2d 596) (1990); *Buffington*, supra; *State v. White*, 188 Ga. App. 658 (373 SE2d 840) (1988).

2. Defendant asserts that the test results are inadmissible because there existed a conflict in the testimony of the two officers with respect to whether an independent test had been requested. It is "the failure to inform a defendant of the right to an additional chemical test, and not the failure to obtain and show a waiver affirmatively, [which] renders inadmissible the results of a chemical test administered at the request of the arresting officer." *State v. Dull*, 176 Ga. App. 152, 154 (335 SE2d 605) (1985). It is without dispute that defendant was properly advised of his right to an additional chemical test and the trial court obviously accepted defendant's position that he had indeed made such a request. Waiver is therefore not an issue. The State satisfied its burden of proving that its test results were obtained in accordance with the statutory guidelines. OCGA § 40-6-392.

3. Defendant asserts that OCGA § 40-6-392 (a) (3) is unconstitutional insofar as it denies an indigent person, who has been charged with driving under the influence, a second chemical test at the State's expense. Where the constitutionality of a statute is drawn into question, exclusive jurisdiction is in the Supreme Court and this court will transfer such matters for consideration by that Court. 1983 Const., Art. VI, Sec. VI, Par. II (1). However, defendant failed to obtain below a ruling on the constitutional question raised here. Accordingly, the constitutional challenge need not be reached on appeal. *In re Boult*, 227 Ga. 564 (181 SE2d 821) (1971).

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 14, 1992 —
RECONSIDERATION DENIED MARCH 2, 1992 — ▮▮▮▮▮▮▮▮▮

*Cook, Noell, Tolley & Aldridge, Edward D. Tolley*, for appellant.
*Kenneth W. Mauldin, Solicitor*, for appellee.