## A94A0786. BUTLER v. THE STATE.
(443 SE2d 11)

POPE, Chief Judge.

As part of a negotiated plea bargain, Michael Anthony Butler pled guilty to a single count of violating the Georgia Controlled Substances Act, in return for which an order of nolle prosequi was en-

tered as to a count charging Butler with possession of a firearm during the commission of a felony. He appeals from the judgment of conviction and sentence entered by the trial court on his guilty plea, enumerating as error the denial of his motion to suppress.

"Defendants have no right to condition guilty pleas upon reserving the appeal of any issues, and defendants may only reserve the appeal of specified issues when the trial court, in the exercise of its discretion, allows a defendant to do so as part of a negotiated plea. Therefore, unless the trial court expressly approves the reservation of the issue and accepts the guilty plea with that condition, the issue is *not* preserved; and an unconditional guilty plea will *waive* any defenses and objections except appellate review of whether such plea was voluntarily made by [the accused] and accepted following proper inquiry by the trial court." (Citations and punctuation omitted; emphasis in original.) *Caldwell v. State*, 202 Ga. App. 729, 730 (1) (415 SE2d 653) (1992). Likewise, there must be an express indication by the State that it agrees with the reservation of appellate rights. *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991). The transcript of the guilty plea hearing in this case shows that the defendant entered his plea after the prosecutor first set out the terms of the negotiated plea for the court and then questioned the defendant concerning whether his plea was freely and voluntarily entered. At no time did the State's counsel indicate that the guilty plea was being entered with a reservation of rights. The transcript further shows that after defendant entered his plea his counsel spoke on his behalf, and made reference to the fact that the decision to enter the plea had been reached after the trial court's adverse ruling on defendant's motion to suppress. However, defense counsel did not indicate his intent to appeal the court's adverse ruling on the motion to suppress, but, after additional comments concerning the entry of the guilty plea, went on to state that he was noting for the record that defendant "would reserve any and all appellate rights." Defense counsel then asked the court to accept the plea, and the trial court indicated its acceptance by stating "All right."

Although mindful of the fact that no particular nomenclature is required in order to show the trial court's express acceptance of a conditional guilty plea, see *Springsteen v. State*, 206 Ga. App. 150, 151 (424 SE2d 832) (1992), we find the record in the present case fails to demonstrate both the State's agreement to the entry of the plea with a reservation of appellate rights and the trial court's acceptance of the plea upon that condition. Compare *Ballew v. State*, 206 Ga. App. 631 (1) (426 SE2d 254) (1992); *Springsteen*, 206 Ga. App. at 150. Except for defense counsel's general comment, there is nothing in the record to show that Butler's negotiated guilty plea was anything but unconditional. Butler has thus waived all defenses, known or un-

known, by his entry of a voluntary and unconditional guilty plea, *Mims*, 201 Ga. App. at 278 (1), including the right to assert the present contention that incriminating evidence was unlawfully seized.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 31, 1994.

*Carl A. Johnston*, for appellant.

*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.