## A02A0309. THE STATE v. BRAUNECKER.
(566 SE2d 409)

MILLER, Judge.

In this prosecution for DUI and other traffic violations, the State appeals the pre-trial suppression of the results of a breath test for alcohol. The trial court found that police denied defendant Braunecker the opportunity to have an independent test. The evidence clearly supports the trial court's findings, and therefore we affirm.

Pursuant to OCGA § 40-6-392, police may have a chemical analysis done of a DUI suspect's blood, urine, breath, or other bodily substance. This statute also provides the suspect with the right to have a "qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer." OCGA § 40-6-392 (a) (3). "Law enforcement officers have a . . . duty not to refuse or fail to allow an accused to exercise the right to have an independent test." (Footnote omitted.) *Avant v. State*, 251 Ga. App. 165, 166 (554 SE2d 194) (2001). Indeed, denying the defendant the right to this independent test, without justification, renders the State's test results inadmissible. *Chamberlain v. State*, 246 Ga. App. 423, 425 (541 SE2d 64) (2000).

The trial court found that police unjustifiably denied Braunecker the right to an independent test. Our standard for reviewing this finding is clear:

In reviewing a trial court's decision on a motion to suppress, an appellate court's responsibility is to ensure that there

was a substantial basis for the decision. Our Supreme Court has established three guiding principles for reviewing such rulings: First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and *credibility* must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations and punctuation omitted; emphasis in original.) *State v. Gibbons*, 248 Ga. App. 859, 860 (1) (547 SE2d 679) (2001).

Under the applicable standard of review, this Court is required to construe the evidence in favor of the court's ruling. So construed, the evidence showed that when arrested, Braunecker heard the portion of the implied consent warning stating that after submitting to the State's test, he was entitled to an independent, additional test, but he was not advised as to when he needed to exercise that right. Within 30 minutes after administration of the breath test, he asked the officer who was taking his booking photo if he still had an opportunity to take an independent blood test. That officer replied that he did not, explaining that Braunecker needed to have asked the arresting officer earlier, and the booking photo officer made no effort to call anyone regarding Braunecker's request. Braunecker believed the officer's statement that it was too late to have an independent test. He was not given back his cell phone or told that he had a right to make any calls. The trial court found Braunecker's unrefuted testimony to be credible. This testimony supports a finding that Braunecker was denied his opportunity to have an independent test.

The State would have us focus on Braunecker's failure to ask the arresting officer for an independent test and would have us ignore Braunecker's request to the booking photo officer. In *Covert v. State*, 196 Ga. App. 679 (396 SE2d 596) (1990), this Court held that the breath test evidence should have been suppressed for failure to allow an independent test even though the request was made to the jailer, not the arresting officer. The State's attempt to distinguish *Covert* on the ground that the defendant there had the jailer also testify is meaningless, as this merely goes to the weight and credibility of the evidence, matters for the trial court to decide. See *Gibbons*, supra, 248 Ga. App. at 860 (1). As there was evidence to sustain the trial court's findings, we hold that the trial court did not err in granting Braunecker's motion to suppress.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 7, 2002.

*Gerald N. Blaney, Jr., Solicitor-General, Emilien O. Loiselle, Jr., Jeffrey P. Kwiatkowski, Assistant Solicitors-General,* for appellant. *Head, Thomas, Webb & Willis, William C. Head,* for appellee.