A06A1834. JOHNSON v. THE STATE.

(638 SE2d 873)

MILLER, Judge.

Timothy A. Johnson pled nolo contendere to two counts of animal cruelty. He appeals pro se, alleging that there was insufficient evidence to support the plea and that the terms of his probationary sentence were arbitrary and capricious. We discern no error and affirm.

The record reveals that Johnson and his wife were caring for a large number of animals on their property in Turner County. After Johnson's wife left him, he became unable to care for the animals. In November 2005, the Turner County Sheriff's Department, assisted by the Tifton-Tift County Animal Shelter, seized 24 dogs from Johnson's property. In January 2006, Johnson, with the assistance of counsel, pled nolo contendere to two counts of animal cruelty. For each of the two counts, the trial court imposed a fine of $200 and sentenced Johnson to a probated sentence of twelve months.

1. Johnson claims that there was insufficient evidence to support his plea, in that the trial court (i) considered evidence that resulted from an unconstitutional search of his property and seizure of his animals, (ii) failed to consider evidence that his animals were properly cared for, (iii) considered evidence that "could very well be controverted," (iv) "overlooked the evidence presented on the search warrant," and (v) failed to ascertain whether "the law was followed when a decision was made to prosecute." We disagree.

As originally established in *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969),

> [t]he entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers, and the trial court has a duty to ensure that the defendant understands the constitutional rights being waived. The record must disclose the accused's voluntary waiver of those constitutional rights since waiver will not be presumed from a silent record.

(Citations omitted.) *Foskey v. Battle*, 277 Ga. 480, 481-482 (1) (591 SE2d 802) (2004). See also *Roper v. State*, 246 Ga. App. 553 (541 SE2d 130) (2000) (applying *Boykin* to a plea of nolo contendere).

Here, after being informed by the trial judge that by entering the plea he would be giving up each of the three *Boykin* rights, Johnson made an articulated waiver of those rights on the record. As a result, Johnson has "waived all defenses, known or unknown, by his entry of a voluntary and unconditional . . . plea, including the right to assert the present contention that incriminating evidence was unlawfully seized." (Citation omitted.) *Butler v. State*, 212 Ga. App. 698, 699-700 (443 SE2d 11) (1994).

Uniform Superior Court Rule 33.9 provides that "[n]otwithstanding the acceptance of a plea . . . , judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." See *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995). In order to establish that there is a factual basis for the plea, "[a] trial court need not make itself aware of evidence establishing the pleader's guilt beyond a reasonable doubt." *King v. Hawkins,* 266 Ga. 655, 656 (469 SE2d 30) (1996).

In his appeal, Johnson comes forward with evidence to show that he provided a good home to the animals on his property and that he was prosecuted as a result of the sheriff's malice. At the plea hearing, however, the trial court was not presented with such evidence. Instead, Johnson's attorney stated that Johnson suffered from degenerative joint disease and diabetes and was unable to care for the animals on his own. Johnson confirmed that his attorney's statement was accurate. As a result, the trial court was presented with a sufficient factual basis to support Johnson's plea of nolo contendere to charges of animal cruelty. See OCGA § 16-12-4 (b) (establishing that a person commits the offense of cruelty to animals "when he . . . causes . . . unjustifiable physical pain or suffering to any animal by . . . an omission").

2. Johnson also claims that the terms of his probationary sentence were arbitrary and capricious in that they improperly limited the number of animals he could own during the probationary period, forced him to rid his property of horses and other livestock, and were unjustified in that he had no criminal record. We disagree.

Pursuant to the terms of the negotiated plea, Johnson was restricted to owning no more than eight dogs, one cow, and eight fowl at any time during the term of his probation. Johnson was also provided with 60 days to find homes for animals that he owned in excess of such limits. "[W]hen a person knowingly and voluntarily enters into a negotiated plea agreement and accepts the conditions of the agreement in open court, he or she waives the right to challenge the issue on appeal." (Citations and punctuation omitted.) *Salmons v.*

*State*, 277 Ga. App. 380 (2) (626 SE2d 584) (2006). As such, Johnson, who agreed to the probationary terms as part of a negotiated plea, has waived his right to challenge the conditions of his sentence on appeal. See *Phillips v. State*, 236 Ga. App. 744, 746 (1) (512 SE2d 32) (1999).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 2006.

Timothy A. Johnson, *pro se.*
*Stephen L. Ivie, Solicitor-General*, for appellee.