# Court of Appeals
# of the State of Georgia

ATLANTA,  January 04, 2023

*The Court of Appeals hereby passes the following order:*

## A22A1646.  EDWARDS v. SMITH.

In this case, Appellant Gregory Edwards, in his official capacity as District Attorney for Dougherty County, appeals from the trial court's order granting Appellee Jackie Smith's petition for writ of quo warranto. Smith sought quo warranto to challenge the constitutionality of OCGA § 42-8-66 (a) (1), which permits an individual who  qualified to be sentenced as a first offender, but who was not informed of her eligibility, "with the consent of the prosecuting attorney," to petition the court where she was convicted "for exoneration of guilt and discharge pursuant to this article." In Smith's case, Edwards declined to consent to her petition, preventing her from seeking relief under the statute. Smith argues that this statute gives judicial powers to executive branch officers in violation of the separation of powers provisions of the Georgia Constitution. The trial court, finding "a genuine question about whether the statute violates the doctrine of separation of powers," granted Smith's petition, and Edwards appealed.

Smith has filed a motion to transfer this appeal to the Supreme Court of Georgia, and we now grant her motion. "Where the constitutionality of a statute is drawn into question, exclusive jurisdiction is in the Supreme Court and this court will transfer such matters for consideration by that Court." *Pruitt v. State*, 203 Ga. App. 125, 127 (3) (416 SE2d 524) (1992); Ga. Const. of 1983 Art. VI, § VI., Par. II (1). Here, the parties argued the constitutional question before the trial court, raised the constitutional question in the notice of appeal, and argue it again in their briefs on appeal. Accordingly, although we acknowledge that the superior court's order finds only "questions" concerning the statute's constitutionality, we believe that the

constitutional question is sufficiently implicated in this case such that we will allow the Supreme Court to make the ultimate determination as to its jurisdiction. See *Saxton v. Coastal Dialysis & Med. Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996) (the "ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction rests with" the Supreme Court).

Appellee Smith's motion to transfer this case to the Supreme Court is GRANTED, and this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*  01/04/2023

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*