## A91A0003. TURNER v. THE STATE.
### (405 SE2d 296)

ANDREWS, Judge.

Defendant appeals the trial court's denial of his motion in limine which sought to exclude the results of the state-administered breath tests due to the State's refusal to allow him a separate test pursuant to OCGA § 40-6-392 (a) (3).

Upon being arrested, defendant was advised of his implied consent rights and taken to the police station where he was administered the Intoximeter 3000 breath test. After completing the test and registering .13, he was asked by the machine operator if he wore dentures. Upon answering affirmatively, defendant asked for another breath test, which was administered after he rinsed his dentures. He again registered .13, at which time he asked for a blood test, but was told he could not have it, the officer explaining "he had just had his additional test."

Section 40-6-392 (a) (3)[1] provides that "[t]he person tested may have a physician or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test *or tests* in addition to any administered at the discretion of a law enforcement officer. The justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer. . . ." (Emphasis supplied.)

While here it is argued that the refusal to allow the private test was "justifiable," no such justification was put forward or found below and that argument will not be addressed here for the first time. *Cooper v. State*, 188 Ga. App. 297, 298 (3) (372 SE2d 679) (1988).

The plain wording of the statute indicates more than one test may be requested by the accused, for example a breath test and a blood test. Failure to allow the defendant his additional test or tests, absent a finding that such failure is "justifiable," is a violation of the statute and precludes the State's use of its tests. *Norfleet v. State*, 196 Ga. App. 548, 550 (396 SE2d 237) (1990); *Covert v. State*, 196 Ga. App. 679, 681 (396 SE2d 596) (1990). The court erred in not excluding the State's test results.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

### DECIDED APRIL 1, 1991.

*William P. Bartles*, for appellant.
*Tommy K. Floyd, District Attorney, Charles E. Rooks, Assistant*

---

[1] The arrest occurred in 1989, thus the pre-1991 version of the statute applies. No change was made in the statute.

*District Attorney*, for appellee.