## A99A0059. KOMALA v. THE STATE.
(515 SE2d 185)

BLACKBURN, Judge.

Angela Komala appeals her conviction, following a jury trial, for driving under the influence. Komala contends that (1) the evidence was insufficient to support the verdict and (2) the trial court erred by instructing the jury regarding the evidentiary ramifications of the refusal of a breath test because Komala's actions did not constitute such a refusal. For the reasons set forth below, we affirm the conviction.

1.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Komala] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

During the early morning hours of August 13, 1996, Komala, who was leaving a restaurant where she admitted to having alcoholic beverages, drove her car into a toll booth located at the exit of a commercial parking deck. Shortly after the accident, a private security guard reached the scene, and he described Komala as being "very intoxicated." The guard testified that Komala's speech was slurred, that she was jittery and nervous, and that she smelled like an alcoholic beverage. Later, an Atlanta police officer arrived, investigated the accident, and arrested Komala for driving under the influence. This officer testified that Komala was so inebriated that she had trouble standing up, that her speech was slurred, that she had extreme trouble in reciting the alphabet, and that she smelled like an alcoholic beverage.

Following her arrest, Komala was taken to a detention center where she was asked to undergo a breathalyzer test. Komala submitted to the test twice, but she did not blow hard enough in the machine to register a result on either try. The officer who arrested Komala testified that he believed that Komala was too intoxicated to give an adequate sample.

We find that the evidence in this case amply supported Komala's conviction for driving under the influence. See *Jackson*, supra.

2. In three separate enumerations of error, Komala contends that the trial court erred by instructing the jury regarding the evidentiary ramifications of the refusal of a breath test because Komala's actions did not constitute such a refusal. We disagree.

OCGA § 40-6-392 (a) (1) (B) provides:

> In all cases where the arrest is made on or after January 1, 1995, and the state selects breath testing, two sequential breath samples shall be requested for the testing of alcohol concentration. . . . No more than two sequential series of a total of two adequate breath samples each shall be requested by the state; provided, however, that after an initial test in which the instrument indicates an adequate breath sample was given for analysis, any subsequent refusal to give additional breath samples shall not be construed as a refusal for purposes of suspension of a driver's license under Code Sections 40-5-55 and 40-5-67.1. Notwithstanding the above, a refusal to give an adequate sample or samples on any subsequent breath . . . test shall not affect the admissibility of the results of any prior samples. *An adequate breath sample shall mean a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis.*

(Emphasis supplied.)

Unless encumbered by a physical or medical limitation, a person submitting to the breathalyzer test may be considered to have refused to comply if an adequate breath sample has not been provided. Komala produced no evidence at any time that she had any physical or medical difficulties which prevented her from providing adequate breath samples. "However, the arresting officer . . . testified unequivocally that [Komala] failed . . . to provide adequate breath samples and that the instrument did not produce a printed alcohol concentration analysis, which was objective evidence of [her] refusal." *Allen v. State*, 229 Ga. App. 435, 437 (1) (494 SE2d 229) (1997). As such, Komala's failure to provide an adequate breath sample was properly considered a refusal, and the instructions given by the trial court regarding the evidentiary ramifications of such a refusal were both proper and warranted.

*Judgment affirmed. Beasley, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 25, 1999.

*L. Paul Cobb, Jr.*, for appellant.

*Joseph J. Drolet, Solicitor, Ronda K. Currie, Assistant Solicitor,* for appellee.