## A99A0008. DAVIS v. THE STATE.

(517 SE2d 87)

POPE, Presiding Judge.

Robert Trent Davis was convicted by a jury of driving under the influence of alcohol with a blood alcohol content exceeding 0.02 grams pursuant to OCGA § 40-6-391 (k). He appeals following the denial of his motion for new trial.

The transcript shows that a police officer responding to a burglary call found Davis driving his car up a private driveway toward the public roadway. Davis, who was 20 years old at the time of the incident, testified that he had been drinking at the home of a friend, and set off the burglar alarm when he went outside to get clothes out of his car. Davis testified that he tried to move his car up the driveway because he thought the motion of opening the car doors had set off the alarm, and that he never intended to drive his car onto the public roadway. The officer responding to the call testified that he turned on his blue lights and Davis stopped with the nose of his vehicle just in the roadway. Two of the officers at the scene testified there was a strong odor of alcoholic beverage coming from Davis and his vehicle. Davis admitted that he had been drinking and that he had consumed too much alcohol to drive. After field sobriety and alco-sensor tests indicated Davis was intoxicated, he was placed under arrest for driving under the influence and read implied consent warnings.

Davis agreed to take a breath test and was transported to the police department and tested on the Intoxilyzer 5000. The officer testified that the Intoxilyzer 5000 requires two breath samples to make up one test, and that the lower of the two readings from each test is the one used for purposes of determining the level of alcohol concentration. The officer also testified that a test is considered "outside the parameters" and cannot be used against the person taking the test if the two breath samples are more than 0.020 grams apart.

The officer further testified that three tests were administered to Davis. According to the officer and other evidence presented at trial, the first two tests yielded results which were outside the parameters, although breath samples sufficient to produce printed results were produced on both tests. The third test administered to Davis produced results within the parameters and indicated an alcohol concentration of .182.

1. Davis contends the trial court erred by denying his motion in limine to exclude the results of the breath test because the officer was authorized to conduct only two breath tests. We agree and reverse.

OCGA § 40-6-392 (a) (1) (B) provides in pertinent part as follows:

In all cases where the arrest is made on or after January 1, 1995, and the state selects breath testing, two sequential breath samples shall be requested for the testing of alcohol concentration. For either or both of these sequential samples to be admissible in the state's or plaintiff's case-in-chief, the readings shall not differ from each other by an alcohol concentration of greater than 0.020 grams and the lower of the two results shall be determinative for accusation and indictment purposes and administrative license suspension purposes. *No more than two sequential series of a total of two adequate breath samples each shall be requested by the state*; provided, however, that after an initial test in which the instrument indicates an adequate breath sample was given for analysis, any subsequent refusal to give additional breath samples shall not be construed as a refusal for purposes of suspension of a driver's license under Code Sections 40-5-55 and 40-5-67.1. Notwithstanding the above, a refusal to give an adequate sample or samples on any subsequent breath, blood, urine, or other bodily substance test shall not affect the admissibility of the results of any prior samples. *An adequate breath sample shall mean a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis.*

(Emphasis supplied.)

The trial court denied Davis' motion to exclude the results of the breath test by finding that the first two tests, which were outside the parameters, did not produce adequate breath samples. This ruling was erroneous. The statute plainly defines an adequate breath sample as "a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis." In this case it is undisputed that both the first and second tests administered to Davis produced printed alcohol concentration analyses. The statute also clearly provides that no more than two tests, consisting of two breath samples each, can be requested by the state. The state was thus without authority to conduct a third breath test on Davis and the trial court should have granted Davis' motion to exclude the results of this test. Davis' conviction for driving with an unlawful blood alcohol concentration pursuant to OCGA § 40-6-391 (k) must therefore be reversed.

2. Based on our holding in Division 1, it is unnecessary for us to consider Davis' remaining enumeration of error.

*Judgment reversed. Smith and Eldridge, JJ., concur.*

DECIDED APRIL 29, 1999.

*James S. Garner III*, for appellant.

*Tambra P. Colston, District Attorney, Martha P. Jacobs, Fred R. Simpson, Harold W. Goldin, Jr., Assistant District Attorneys*, for appellee.