## A00A1622. CHAMBERLAIN v. THE STATE.
(541 SE2d 64)

PHIPPS, Judge.

Debra Chamberlain appeals her conviction of driving under the influence of alcohol and failure to maintain her car in the appropriate lane. She claims that the trial court erred in admitting evidence of her alleged refusal to take a state-administered breath test. Based on the language of the governing statute, OCGA § 40-6-392 (a) (1) (B), we must agree and reverse.

On September 24, 1999, at approximately 11:00 p.m., Chamberlain was driving south on Clairmont Road in Atlanta, crossed the centerline, and hit another car, injuring the driver. The driver of the car behind her had noticed that she was driving erratically before the collision.

DeKalb County Police Officer Davis investigated the collision. After arriving at the scene and inquiring about the cause of the collision, he placed Chamberlain in his patrol car until emergency personnel arrived to examine her and the driver of the other car. At that time, he noticed an odor of alcohol on her breath. Officer Davis testified that Chamberlain initially told him that she had not been drinking but later admitted that she had consumed several drinks. He asked Chamberlain to perform several field sobriety tests. She missed several letters while trying to recite the alphabet, was unable to walk and turn on a straight line, could not perform the one-leg stand, and had problems with the horizontal gaze nystagmus test, which is designed to detect movement or twitching in the eye.

Officer Davis determined that Chamberlain's performance was consistent with that of someone under the influence of alcohol and arrested her. He read Chamberlain the Georgia Implied Consent Notice and took her to the DeKalb County Jail for further testing. Chamberlain agreed to take a breath test, which was conducted by Officer Hibbert and witnessed by Officer Davis. Officer Hibbert explained the procedure to Chamberlain and told her that she had to provide two breath samples, which would comprise one test. Chamberlain blew into the machine one time and provided an adequate sample that produced a printed alcohol concentration analysis. She did not blow hard enough to produce a sufficient sample the second time. At that time, she requested a blood test. The officers told Chamberlain that she could not have the blood test until she provided the second breath sample. They offered no other reason for denying her an independent test.

Chamberlain testified that she was physically unable to provide the second breath sample and that she told the officers that she had a history of Legionnaire's Disease, a respiratory infection. She testified that she requested a blood test because of her inability to pro-

duce a second sufficient breath sample.

Chamberlain filed a motion in limine to exclude any evidence of her alleged refusal to submit to the state-administered breath test. The trial court ruled that the results of the initial breath sample were inadmissible because the State is required to obtain two samples and that the refusal to provide a second breath sample constituted a refusal to take the test, which was admissible and also negated Chamberlain's right to an independent test. The jury found Chamberlain guilty of driving under the influence of alcohol and failure to maintain her car in the appropriate lane.

On appeal, Chamberlain asserts that the trial court erred in admitting evidence alleging that she refused to take the state-administered breath test. She claims that she did provide an adequate sample, which did not constitute a refusal; that she was entitled to the independent blood test she requested; and that the failure to provide that test should have precluded any testimony regarding the state-administered test.

OCGA § 40-6-392 governs the admissibility at trial of evidence of the amount of alcohol in a person's blood, urine, breath, or other bodily substance, as determined by chemical analysis. If the State selects breath testing,

> two sequential breath samples shall be requested for the testing of alcohol concentration. For either or both of these sequential samples to be admissible in the state's or plaintiff's case-in-chief, the readings shall not differ from each other by an alcohol concentration of greater than 0.020 grams and the lower of the two results shall be determinative for accusation and indictment purposes and administrative license suspension purposes. No more than two sequential series of a total of two adequate breath samples each shall be requested by the state; provided, however, that after an initial test in which the instrument indicates an adequate breath sample was given for analysis, any subsequent refusal to give additional breath samples shall not be construed as a refusal for purposes of suspension of a driver's license under Code Sections 40-5-55 and 40-5-67.1. Notwithstanding the above, a refusal to give an adequate sample or samples on any subsequent breath, blood, urine, or other bodily substance test shall not affect the admissibility of the results of any prior samples. An adequate breath sample shall mean a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis.[1]

---

[1] OCGA § 40-6-392 (a) (1) (B).

After the State has performed its test, the person tested has the right to obtain an independent chemical test or tests.[2]

The trial court relied upon the fact that the State must request two sequential breath samples and the fact that the readings must fall within a certain range to be admissible in reaching its conclusion that the results of the state-administered test were inadmissible. But the statute also expressly provides that a refusal to give a subsequent sample shall not affect the admissibility of the results of any prior sample. Thus, the fact that Chamberlain failed or refused to provide a second sample, as requested by the State, did not affect the admissibility of the results of the first sample.

But the State's test results were rendered inadmissible when Chamberlain was denied the right to an independent test without justification.[3] After providing a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis on the state-administered breath test, Chamberlain was entitled to the blood test she requested. The unjustified failure to provide the test is a violation of the statute and precludes the State from introducing evidence regarding its test.[4]

We now consider the admissibility of evidence regarding Chamberlain's failure or refusal to provide a second adequate breath sample. As a general rule, the refusal to submit to a chemical test to determine alcohol content is admissible.[5] For a breath test, unless a person is encumbered by a physical or medical limitation, he or she may be considered to have refused to submit to the test if an adequate breath sample has not been provided.[6] Chamberlain, however, did provide an adequate breath sample as defined by the statute. Because her actions did not constitute a complete refusal to submit to the state-administered test, the trial court improperly denied her motion to exclude any evidence regarding her failure to provide a second breath sample.[7]

*Judgment reversed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 17, 2000.

*Chestney-Hawkins Law Firm, Wallace T. Hatcher,* for appellant.

---

[2] OCGA § 40-6-392 (a) (3); *Modlin v. State,* 176 Ga. App. 83 (335 SE2d 312) (1985).

[3] *Turner v. State,* 199 Ga. App. 466 (405 SE2d 296) (1991).

[4] Id.

[5] *Wessels v. State,* 169 Ga. App. 246, 247 (2) (312 SE2d 361) (1983).

[6] *Komala v. State,* 237 Ga. App. 236, 237 (2) (515 SE2d 185) (1999).

[7] Cf. *Allen v. State,* 229 Ga. App. 435, 436-438 (1) (494 SE2d 229) (1997) (where defendant repeatedly failed to provide adequate breath samples and instrument did not produce a printed alcohol concentration analysis, his actions constituted a refusal to submit to the state-administered test and were admissible).

*Gwendolyn R. Keyes, Solicitor, Thomas E. Csider, Alison W. Toller, Assistant Solicitors*, for appellee.