### A03A0869. THE STATE v. KRUZEL.
(581 SE2d 711)

ELLINGTON, Judge.

Kerry Philip Kruzel stands accused in the State Court of Gwinnett County of driving under the influence of alcohol to the extent that it was less safe to drive and while having a blood alcohol concentration of 0.10 grams[1] or more, OCGA § 40-6-391 (a) (1), (5), and speeding, OCGA § 40-6-181. Kruzel filed a motion to suppress the results of a breath test. The Intoxilyzer printout showed the results of two sequential breath samples as 0.100 grams and 0.108 grams, respectively. After a hearing, the trial court denied Kruzel's motion to suppress. But the trial court also in effect granted Kruzel's motion, in part, by ordering that the printout "be redacted to reflect the first [lower] breath test result only." At the hearing, the trial court agreed with Kruzel's argument that Georgia law allows only the lower of two sequential samples to be "use[d] to prosecute." The State appeals from this ruling, contending the trial court misinterpreted OCGA § 40-6-392 (a) (1) (B). See OCGA § 5-7-1 (a) (4) (authorizing an immediate appeal by the State from a pretrial order "excluding the results of any test for alcohol"). We agree and reverse.

While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine

---

[1] When the incident occurred on November 30, 2000, the legal limit for purposes of OCGA § 40-6-391 (a) (5) was 0.10 grams. See Ga. L. 1991, pp. 1886, 1891, 1896, § 6 (legal limit set at 0.10 for offenses after April 24, 1991); Ga. L. 2001, p. 208, § 1-5 (legal limit reduced to 0.08 for offenses after July 1, 2001).

whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

OCGA § 40-6-392 (a) (1) (B) provides, in pertinent part:

In all cases where . . . the state selects breath testing, two sequential breath samples shall be requested for the testing of alcohol concentration. *For either or both of these sequential samples to be admissible in the state's . . . case-in-chief,* the readings shall not differ from each other by an alcohol concentration of greater than 0.020 grams and the lower of the two results shall be determinative for accusation and indictment purposes and administrative license suspension purposes.

(Emphasis supplied.) The State contends that the statute provides no basis for excluding from the evidence at trial the higher of two sequential breath results. Kruzel contends that, because the lower of the two results is by law determinative "for accusation and indictment purposes and administrative license suspension purposes," the higher of the two results is irrelevant to the essential facts to be proved at trial and is inherently prejudicial. Kruzel's argument lacks merit.

As we have held, "[OCGA § 40-6-392 (a) (1) (B)], itself, clearly contemplates the admission of both sequential test results." *Horne v. State*, 237 Ga. App. 844, 846 (3) (517 SE2d 74) (1999). Accordingly, the trial court erred in ruling that OCGA § 40-6-392 (a) (1) (B) limits the State to using only the lower of two samples to prosecute a DUI charge and in excluding evidence of the result of the second breath sample solely on that basis.

*Judgment reversed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MAY 1, 2003.

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General,* for appellant.
*Charles T. Magarahan,* for appellee.