A07A1356. DAVIS v. THE STATE.
(649 SE2d 568)

ELLINGTON, Judge.

Following a bench trial on stipulated facts, a judge of the State Court of Gwinnett County found Michelle M. Davis guilty of driving under the influence of alcohol, OCGA § 40-6-391 (k) (driver under 21 years of age, alcohol concentration of 0.02 grams or more); and of failing to maintain her lane, OCGA § 40-6-48. Davis appeals from the

---

judgment of conviction, contending the trial court erred in refusing to suppress the results of her Intoxilyzer 5000 alcohol breath test. For the following reasons, we affirm.

"We will not disturb the trial court's order on a motion to suppress if there is any evidence to support it, and we construe all evidence presented in favor of the trial court's findings and judgment." (Citation omitted.) *McDaniel v. State*, 263 Ga. App. 625, 626-627 (1) (588 SE2d 812) (2003). Where, as here, the evidence was undisputed at the suppression hearing and there is no question as to the credibility of the witnesses, our review of the trial court's application of the law to the undisputed facts is de novo. *Daniel v. State*, 277 Ga. 840, 849 (5) (597 SE2d 116) (2004).

So viewed, the relevant facts are as follows. On July 17, 2005, an officer with the Lawrenceville Police Department arrested 18-year-old Davis for driving under the influence of alcohol. Davis stipulated that the arrest was supported by probable cause and that the officer read the proper implied consent notice. The officer took Davis to the police department where he administered an Intoxilyzer 5000 alcohol breath test. Davis stipulated that the machine had been inspected and was in good working order and that the officer was certified in the machine's use. The first test was taken at 3:01 a.m. and yielded a test result showing an alcohol concentration of 0.126 grams. The officer attempted to administer a second test, but Davis was unable to produce an adequate breath sample because she was upset and crying. The State stipulated that Davis' failure to complete the second test was not a refusal. After Davis calmed down, the officer administered a third test on the same machine at 3:12 a.m. which yielded a test result showing an alcohol concentration of 0.126 grams. Davis contends that the trial court should have suppressed the breath test results because the two breath samples taken were not "sequential" as required by law. We disagree.

As this Court has held, "OCGA § 40-6-392 governs the admissibility at trial of evidence of the amount of alcohol in a person's blood, urine, breath, or other bodily substance, as determined by chemical analysis." *Chamberlain v. State*, 246 Ga. App. 423, 424 (541 SE2d 64) (2000). If the State selects breath testing,

> two sequential breath samples shall be requested for the testing of alcohol concentration. For either or both of these sequential samples to be admissible in the state's or plaintiff's case-in-chief, the readings shall not differ from each other by an alcohol concentration of greater than 0.020 grams and the lower of the two results shall be determinative for accusation and indictment purposes and administrative license suspension purposes. No more than two

sequential series of a total of two adequate breath samples each shall be requested by the state; provided, however, that after an initial test in which the instrument indicates an adequate breath sample was given for analysis, any subsequent refusal to give additional breath samples shall not be construed as a refusal for purposes of suspension of a driver's license under Code Sections 40-5-55 and 40-5-67.1. Notwithstanding the above, a refusal to give an adequate sample or samples on any subsequent breath, blood, urine, or other bodily substance test shall not affect the admissibility of the results of any prior samples. An adequate breath sample shall mean a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis.

OCGA § 40-6-392 (a) (1) (B). After the State has completed its test, the defendant has the right to obtain an independent chemical test or tests. OCGA § 40-6-392 (a) (3); *Chamberlain v. State*, 246 Ga. App. at 424.

Davis argues that, in a case which does not involve a refusal to give a second breath sample, the first breath test result is admissible only if the second breath test result is taken from a sample obtained immediately following the first, without an intervening failure of or inability of the defendant to participate in the testing. The statute, however, simply does not require that. The statute provides that the State shall request two sequential breath samples, that the State may request a second set of two sequential breath samples,[1] and that an adequate breath sample "shall mean a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis." OCGA § 40-6-392 (a) (1) (B). Here, the State complied with the statute in that it requested sequential breath samples, took two sequential series of tests, and obtained test results on two adequate breath samples from that series of tests. The samples were "sequential" in that they were taken as part of a series of tests, with one adequate sample taken following the other.[2]

---

[1] In *Davis v. State*, 237 Ga. App. 817, 818 (1) (517 SE2d 87) (1999), we held that the statute provides that the State may request no more than two tests, consisting of two adequate breath samples each. After taking these tests, the State is without authority to conduct a third set of breath tests. Thus, in light of *Davis*, if we were to construe the statute as the appellant argues, a defendant need only feign an inability to give a second sample in each of the two series of tests in order to render the results inadmissible.

[2] "Sequential" is defined as "1. Forming or characterized by a sequence, as of units or musical notes. 2. Sequent." And "sequent" is defined as "1. Following in order or time; subsequent." The American Heritage Dictionary of the English Language, Fourth Edition. Houghton Mifflin Company, 2004.

We decline to hold that "sequential," as used here, also means without any gaps in the procedure due to the test taker's inability to give an adequate breath sample. It would make little sense to hold that the results of either of these tests are inadmissible due to the defendant's inability to immediately give a second breath sample when a complete refusal or failure to take a second test does not affect the admissibility of the results of any prior samples. As we held in *Chamberlain,* the fact that a defendant *"failed or refused* to provide a second sample, as requested by the State, did not affect the admissibility of the results of the first sample." (Emphasis supplied.) *Chamberlain v. State,* 246 Ga. App. at 425 (Chamberlain said she was unable to produce a second breath sample because she had a history of Legionnaire's Disease, a respiratory infection.). Finally, the fact that there was an intervening failed test due to the defendant's inability to provide an adequate sample does not necessarily harm the defendant. Usually delay caused by such a failed test works against the State because the delay between tests typically results in a drop in the defendant's blood alcohol level,[3] and if the drop exceeded 0.02 grams, then the second test would render both tests inadmissible. OCGA § 40-6-392 (a) (1) (B). Thus, we hold that an intervening failed test due to the defendant's inability to provide an adequate breath sample will not render otherwise valid[4] breath alcohol test results inadmissible. The fact of such an intervening failed breath test goes to the weight, not the admissibility, of the test results. Therefore, we find no error in the trial court's ruling on the motion to suppress.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 9, 2007.

*Giannini & Spence, Carl J. Spence,* for appellant.
*Rosanna M. Szabo, Solicitor-General, Lisa M. Moultrie, Assistant Solicitor-General,* for appellee.

---

[3] See *Allen v. State,* 229 Ga. App. 435, 440 (2) (c) (494 SE2d 229) (1997) ("[B]lood alcohol levels drop at a constant excretion rate over time when no further alcohol is ingested.").

[4] Of course, the sequential breath samples must be taken on the same testing machine. The purpose of testing two sequential breath samples is to ensure the reliability of the testing procedure, and divergent test results may indicate a problem with the machine.