**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

May 13, 2024

# In the Court of Appeals of Georgia

A24A0705. THE STATE v. YOUN.

BROWN, Judge.

In this DUI case, the State appeals from the trial court's grant of Seung Youn's motion to suppress one of his breath samples pursuant to OCGA § 40-6-392 (a) (1) (B). For the reasons discussed below, we reverse the trial court's ruling.

In reviewing the trial court's grant of the motion to suppress, we apply the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review. Moreover, we bear in mind that the State has the burden of proving that evidence challenged in a motion to suppress is admissible.

(Citations and punctuation omitted.) *State v. de la Paz*, ____ Ga. App. ____ (Case No. A23A1769, decided March 8, 2024). See also *Hynes v. State*, 341 Ga. App. 500,

502–503 (801 SE2d 306) (2017). So viewed, the record shows that Youn was stopped by Gwinnett County police at 12:55 a.m. on June 21, 2020, for failing to maintain his lane. After taking a state-administered breath test, Youn was subsequently charged with DUI per se, OCGA § 40-6-391 (a) (5), DUI less safe, OCGA § 40-6-391 (a) (1), and failure to maintain lane, OCGA § 40-6-48. Youn filed a motion to suppress pursuant to OCGA § 40-6-392 (a) (1) (B), seeking to suppress one of his breath samples because the State allegedly exceeded the number of tests allowed under the statute.

During a hearing on the motion to suppress, the State introduced into evidence three printouts of the results from the Intoxilyzer 9000 machine, all dated June 21, 2020. The printouts were time-stamped 01:30, 01:37, and 01:58, respectively. The first printout did not yield a BAC reading, noting at the bottom, "*Insufficient Sample — Insufficient Sample. Subject did not provide a sufficient sample within the time allotted." The second printout, which includes a graph of "Breath Sample 1," yielded a BAC reading of 0.121; that printout noted at the bottom of the page, "Calibration Check Out of Tolerance — Calibration Check Out of Tolerance. Result of calibration check was outside of the defined tolerance." The third printout, which includes two

graphs, one of "Breath Sample 1" and the other of "Breath Sample 2," yielded BAC readings of 0.121 and 0.114.

Based on the second and third printouts submitted by the State, Youn argued that he submitted three sufficient and valid breath samples, and that the third sample (reading 0.114) should be excluded from evidence pursuant to OCGA § 40-6-392 (a) (1) (B), because once the State has two sufficient samples, its right to request further breath tests under the statute ends.[1] In opposing the motion to suppress, the State argued that "a test [under the statute] is a set of two breath samples that actually give a printed alcohol concentration analysis," and that, therefore, only two adequate breath samples were given as reflected in the third printout; the other two printouts do not show adequate tests that count toward the "State's two tests" because the first printout reflected an insufficient sample and the second printout only reflected one breath sample.

The trial court rejected the State's argument and granted the motion to suppress. Citing *Davis v. State*, 237 Ga. App. 817 (517 SE2d 87) (1999), the trial court

---

[1] Youn did not challenge the admissibility of the first printout/test, agreeing with the trial court that because it shows an "insufficient sample," "[i]t doesn't count for the statute."

3

ruled that the final breath sample which yielded a BAC of 0.114 should not be admitted because the State already had obtained two sufficient samples (both of which yielded a BAC of 0.121) before requesting the final sample. The State appeals from this ruling, contending that the trial court erred in its interpretation of OCGA § 40-6-392 (a) (1) (B). See OCGA § 5-7-1 (a) (4) (authorizing an immediate appeal by the State from a pretrial order "excluding the results of any test for alcohol").

"As this Court has held, OCGA § 40-6-392 governs the admissibility at trial of evidence of the amount of alcohol in a person's blood, urine, breath, or other bodily substance, as determined by chemical analysis." (Citation and punctuation omitted.) *Davis v. State*, 286 Ga. App. 443, 444 (649 SE2d 568) (2007). Where the State selects breath testing, the Code section provides that

> two sequential breath samples shall be requested for the testing of alcohol concentration. For either or both of these sequential samples to be admissible in the state's or plaintiff's case-in-chief, the readings shall not differ from each other by an alcohol concentration of greater than 0.020 grams and the lower of the two results shall be determinative for accusation and indictment purposes and administrative license suspension purposes. *No more than two sequential series of a total of two adequate breath samples each shall be requested by the state*; provided, however, that after an initial test in which the instrument indicates an

4

adequate breath sample was given for analysis, any subsequent refusal to give additional breath samples shall not be construed as a refusal for purposes of suspension of a driver's license under Code Sections 40-5-55 and 40-5-67.1. Notwithstanding the above, a refusal to give an adequate sample or samples on any subsequent breath, blood, urine, or other bodily substance test shall not affect the admissibility of the results of any prior samples. *An adequate breath sample shall mean a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis.*

(Emphasis supplied.) OCGA § 40-6-392 (a) (1) (B). See also *Davis*, 237 Ga. App. at 817-818 (1).

In *Davis*, the defendant was administered three breath tests. 237 Ga. App. at 817. The first two tests yielded results which were outside the parameters, although breath samples[2] sufficient to produce printed results were produced on both tests. Id. The third test produced results within the parameters and indicated a BAC of 0.182. Id. The defendant challenged the trial court's denial of his motion to limine to exclude the results of his breath test, contending that the State was only authorized to conduct two breath tests. Id. at 817-818 (1). We reversed, concluding as follows:

---

[2] We infer from the plural form that the first two tests administered to the defendant each yielded two breath samples.

The statute plainly defines an adequate breath sample as "a breath sample sufficient to cause the breath-testing instrument to produce a printed alcohol concentration analysis." In this case it is undisputed that both the first and second tests administered to [the defendant] produced printed alcohol concentration analyses. *The statute also clearly provides that no more than two tests, consisting of two breath samples each, can be requested by the state.*

(Emphasis supplied.) Id. at 818 (1). Cf. *State v. Kruzel*, 261 Ga. App. 90, 91 (581 SE2d 711) (2003) ("[a]s we have held, OCGA § 40-6-392 (a) (1) (B), itself, clearly contemplates the admission of both sequential test results") (punctuation omitted), citing *Horne v. State*, 237 Ga. App. 844, 846 (3) (517 SE2d 74) (1999).

Pretermitting the fact that the State never called a witness during the suppression hearing to explain the message on the printout for the second test ("Calibration Check Out of Tolerance — Calibration Check Out of Tolerance. Result of calibration check was outside of the defined tolerance"), that test consisted of only one breath sample.[3] Because the statute permits the State to request "two sequential series of a total of two adequate breath samples each," the State in this case was

---

[3] We make no ruling on the admissibility of the results of the second test as that issue is not before us.

permitted to request a third test, and the two resulting breath samples are admissible. Accordingly, the trial court erred in suppressing the second breath sample produced on the third test.

*Judgment reversed. Dillard, P. J., and Padgett, J. concur.*